[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20587-DLG-1

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Jackson appeals his 144-month sentence for carjacking on substantive unreasonableness grounds. Jackson argues that the district court improperly balanced the 18 U.S.C. section 3553(a) sentencing factors by failing to adequately weigh his longstanding struggles with substance addiction and mental illness. After careful review, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2022, Jackson pleaded guilty to carjacking. At his sentencing hearing, the district court adopted Jackson's presentence investigation report, which—based on a total offense level of 26 and a criminal history category of VI—calculated a sentencing guideline range of 120 to 150 months' imprisonment.

The presentence investigation report, which Jackson did not object to, detailed his decades-long criminal history. Jackson had been convicted of multiple vehicle thefts, multiple burglaries, drug possession, strongarm robbery, aggravated battery with a firearm, and aggravated battery causing great bodily harm. The report also noted Jackson's longstanding struggles with bipolar disorder, schizophrenia, suicidal ideation, alcohol addiction, and substance abuse.

The district court heard both parties' arguments "regarding an appropriate sentence." Jackson requested a 120-month sentence

at the bottom of the guideline range, while the government argued for a 150-month sentence at the top of the range. In responding to the government's argument, the district court noted the challenge of balancing public safety with Jackson's mental health struggles:

> It's an awful dilemma because I have the public to be concerned about and looking at [Jackson's] record, I'm very concerned about the safety of the public. It just appears that [Jackson] cannot conduct himself in accordance with the law, and so I understand [the government's] argument for a sentence at the top end of the guidelines. Absent these mental health issues, I would have no hesitation in imposing such a sentence. I do have a little hesitation because it's obvious that some of these issues are related to mental problems.

The district court ultimately imposed a 144-month sentence, followed by three years' supervised release. It noted that it had contemplated the section 3553(a) factors, the parties' statements, and the presentence investigation report and found that "a sentence within the guideline range [wa]s sufficient punishment and deterrence." *See* § 3553(a)(2)(A)–(C). This is Jackson's appeal.

## STANDARD OF REVIEW

We evaluate the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 41 (2007). We consider the totality of the circumstances and whether the sentence achieves the purposes of

sentencing stated in 18 U.S.C. section 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the [section] 3553(a) factors." *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (citation omitted). We will disturb a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

## DISCUSSION

Section 3553(a) requires a sentencing court to consider "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the kinds of sentences available," the guideline range, policy statements of the United States Sentencing Commission, "the need to avoid unwarranted sentencing disparities," and "the need to provide restitution to any victims." § 3553(a)(1), (3)–(7). A sentence must also comport with the statutory purposes of sentencing, which include promoting respect for the law, providing just punishment, deterring criminal conduct, protecting the public from further crimes, and providing the defendant with needed correctional treatment. *Id.* § 3553(a)(2)(A)–(D).

Jackson raises two arguments on appeal. First, he contends that the district court "gave insufficient weight to the [section]

3553(a) sentencing factors justifying a lower sentence," specifically his "severe substance abuse and mental health issues." Jackson claims that these factors warranted a sentence near the low end of the guideline range. Second, he argues that the district court abused its discretion by considering his criminal history, career offender status, and the seriousness of his conduct under section 3553(a), because those factors were already taken into account as part of his criminal history score and guideline range.

Neither argument is persuasive. First, the district court adequately weighed his mental health issues when considering the section 3553(a) sentencing factors. The district court specifically stated that, due to Jackson's criminal history, it would've sentenced him at the top of the guideline range "absent [his] mental health issues." It then imposed a sentence below the top of the range. And the district court recommended that Jackson be incarcerated in a facility that "can treat persons with moderate to severe mental illness."

Jackson's second argument—that the district court abused its discretion by considering his criminal history, career offender status, and the seriousness of his conduct under section 3553(a), when his criminal history score and guideline range already accounted for those factors—also fails. District courts' "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history," and we have held that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with [section] 3553(a) . . . ." *United States v. Riley*, 995

F.3d 1272, 1279 (11th Cir. 2021) (quotation marks and citations omitted).  Here, the district court weighed the factors, balanced Jackson's personal characteristics with his criminal history, and imposed a sentence that was below the top end of the sentencing guideline range.  The record leaves us with no "definite and firm conviction that the district court committed a clear error of judgment."  *See Irey*, 612 F.3d at 1190.

Because the district court abused no discretion in imposing Jackson's sentence, we affirm.

**AFFIRMED.**